IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY DOYEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **GERALD ROSUM, et al.** | : | **No. 06-2264** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                                                                  **JULY 11, 2008**

Before this court are a petition for habeas corpus and a motion to amend that petition to add one claim. The petitioner, Gary Doyen, is presently incarcerated at State Correctional Institute Somerset. For the reasons discussed below, the motion to amend will be granted, the Magistrate Judge's Report and Recommendation will be adopted, and the petition for habeas corpus will be denied.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 19, 2002 a jury convicted Gary Doyen ("Doyen") of: one count of corrupt organizations; one count of possession of drug paraphernalia; one count of criminal conspiracy; three counts of delivery of marijuana; four counts of possession of marijuana with intent to deliver; and four counts of use of a communications facility in furtherance of a drug-related crime. The Honorable Howard F. Riley sentenced Doyen to a term of twenty-five to thirty-four years in prison.

Doyen pursued state remedies on some of his claims; his conviction became final on May 1, 2006. *Commonwealth v. Doyen,* 227 EDA 2006 (Resp. Ans. Ex. Z). Doyen filed a petition pursuant to 28 U.S.C. § 2254 for habeas relief on May 30, 2006. Doyen stated six grounds for

1

relief:

    1.    The trial court erred in compelling him to proceed *pro se* at trial;
    2.    The trial court erred in admitting the wiretap evidence;
    3.    The trial court erred in allowing Trooper Torres to testify concerning the intercepted conversations;
    4.    The trial court erred in failing to suppress evidence seized from his house;
    5.    It was a conflict of interest for Judge Cavanaugh to sit on the appellate panel because he authorized one of the wiretaps used in this case; and
    6.    The trial court erred in denying the *Batson* challenge.

Respondents answered. Magistrate Judge Jacob P. Hart ("Judge Hart") submitted a Report and Recommendation ("R&R") on March 15, 2007 and recommended the petition be denied. Doyen timely filed objections, in which he objected to Judge Hart's Recommendation as to the disposition of his first claim only.

On March 26, 2007, Doyen filed a motion requesting that this federal habeas action be stayed so he could pursue and exhaust a new claim in state court. This court granted that motion. Doyen raised the following question in his second proceeding before the PCRA and Superior Courts: "[Did] Petitioner's sentencing [violate] his rights under the Sixth Amendment of United States constitution [sic], as determine [sic] by the United States Supreme Court in *Cunningham v. California*, 127 S.Ct. 856 (2007) requiring that a jury determine every fact necessary for punishment beyond a reasonable doubt." Pet. Motion at 2. Holding that Doyen's claim was time barred and did not fit into any of the exceptions to the time limit placed on PCRA relief, the PCRA and Superior Courts declined to review the claim on the merits. *See Commonwealth of Pennsylvania v. Doyen,* No. 1822 Eastern District Appeal 2007, *slip op.* (Pa. Super. Ct. April 28, 2008) (Pet. Mot. Ex. A). On May 16, 2008, Doyen filed a motion to: (1) reactivate this action; and (2) amend his petition to add the claim he litigated in his second PCRA action.

## II.	DISCUSSION

### A.	<u>Motion To Amend</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), provides a one-year statute of limitations for claims for federal habeas relief attacking state sentences.  The Commonwealth opposes Doyen's motion to amend and contends that it is time barred under AEDPA.  It argues more than one year has elapsed since his state court conviction became final; because Doyen's newly asserted claim asserts a new ground for relief supported by facts that differ in both time and type from those of the original pleading, it cannot "relate back" to his original filing date.  *See Mayle v. Felix*, 545 U.S. 644, 648 (2005).

The court finds the Commonwealth's argument on this point inapposite.  The question is not whether Doyen's claim may relate back to his original filing, but whether Doyen's action was equitably tolled during the time he pursued exhaustion of his new claim.  The court finds that it was.  In its order dated June 14, 2007, this court stated that Doyen's action would be stayed pending the exhaustion of state court remedies for his new claim.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that staying and holding a habeas petition in abeyance pending the exhaustion of potentially meritorious claims does not undermine the purpose of timeliness intended by AEDPA's statute of limitations period.  Where there is no indication a petitioner engaged in intentionally dilatory litigation tactics, "the petitioner's interest in obtaining federal review of his claims outweighs the competition interests in finality and speedy resolution of federal petitions." *Id.* at 276.  Implicit in this court's order was its intention that Doyen would be able, after exhausting his state law remedies, to pursue his claim in federal court.  Because this court's order tolled the statute of limitation pending the exhaustion of his state claim, Doyen's

motion to amend is timely and will be granted.

### B. <u>Habeas Petition</u>

This court reviews *de novo* all grounds of the Magistrate's R&R to which the petitioner objects. Doyen objected as to his first claim only: the trial court erred in compelling him to proceed *pro se* at trial. The court will review that claim and Doyen's amended *Cunningham* claim on the merits.

#### 1. **Denial of Counsel**

Doyen contends he never waived his right to counsel and the trial court improperly deprived him of his Sixth Amendment right without providing the colloquy required by *Faretta v. California*, 422 U.S. 806 (1975) and *United States v. Welty*, 674 F.2d 185 (3d Cir. 1982).

While awaiting his criminal trial, Doyen had five attorneys, each of whom he either fired or forced to withdraw. *Commonwealth v. Doyen*, Post-trial Appeal Opinion, No. 4695-00 (May 13, 2003) (Resp. Ans. Ex. S, at 16). On January 18, 2002, Judge Riley made an on-the-record finding of fact that Doyen had "engaged in a continuing course of conduct to delay and disrupt" his trial, e.g. by threatening the safety of his present, and fifth, attorney. Hr. Tr. Jan. 18, 2008 at 36 (Resp. Ans. Ex. L). Judge Riley granted Doyen's attorney's motion to withdraw, and instructed Doyen that he would have "one last opportunity to retain counsel" within three weeks. *Id.* He then advised Doyen that if there were a "repeat of this current situation" it was likely he would deem it a knowing waiver of the right to counsel. *Id.* Judge Riley informed Doyen that if he determined that Doyen had repeated his previous activities with regard to counsel that the court would not continue the trial again but instead require Doyen to proceed at trial *pro se*. *Id.* at 36-37. Judge Riley asked Doyen if he had any questions; Doyen responded, "No questions."

4

*Id.* The court appointed stand-by counsel for Doyen in the event he decided to proceed *pro se*. *Id.* at 40.

On February 8, 2002, and February 14, 2002, Doyen appeared before the court without counsel. Doyen informed the court at the February 8th hearing he was seeking counsel. Hr. Tr. Feb. 8, 2002, at 4 (Resp. Ans. Ex. O). At the February 14, 2002 hearing Judge Riley offered Doyen the services of a court-appointed attorney. Hr. Tr. Feb. 14, 2002, at 8 (Resp. Ans. Ex. P). Doyen's responded, "No way." *Id.* Judge Riley informed Doyen that there were risks associated with proceeding *pro se*, and asked him whether he would like the court to find counsel for him in the event he were not able to find private counsel. *Id.* at 9-12.

> Court:   . . . Do you have any questions? Is there any doubt or question in your mind with regard to retaining private counsel and whether this case is going forward or not?
> Doyen:   I'm getting private counsel. I don't need no court appointed counsel. It's like suicide right there.
> Court:   We have your decision. You have said you don't want court appointed counsel under the circumstances, correct?
> Doyen:   Right.
> Court:   And I have reviewed with you the hazards of going *pro se*. And if you're unable to retain private counsel, you are then going to go to trial without an attorney. You understand that?
> Doyen:   I hear you.
> Court:   And you understand the risks that are connected to that?
> Doyen:   Right.
> Court:   And with that, you still do not wish me to appoint counsel for you, to try the case for you?
> Doyen:   No.

*Id.* at 18-19.

Despite the court's warnings, Doyen did not retain private counsel and the trial began on April 12, 2002 with Doyen proceeding *pro se* (although stand-by counsel was available). *Commonwealth v. Doyen*, Post-trial Appeal Opinion, No. 4695-00 (May 13, 2003) (Resp. Ans.

Ex. S, at 10).

In *United States v. Goldberg*, 67 F.3d 1092 (3d Cir. 1995), the Court of Appeals examined waiver and forfeiture of the Sixth Amendment right to counsel. The court defined three related but distinct ways a litigant may part with the right to counsel: waiver, forfeiture, and "waiver by conduct." *Id.* at 1099. *Waiver* is an intentional and voluntary relinquishment of a known right, *id.*, and is typically made verbally and affirmatively before the court. When a defendant requests permission to waive his right to counsel and proceed *pro se*, *Faretta v. California*, 422 U.S. 806 (1975), and *United States v. Welty*, 674 F.2d 185 (3d Cir. 1982), require a trial court to ensure that the defendant is aware of the risks of proceeding *pro se* as a constitutional prerequisite to a valid waiver of the Sixth Amendment right to counsel. The relinquishment of the right must be

> made knowing and intelligently, with an awareness of the dangers and disadvantages inherent in defending oneself. . . . In order to ensure that a defendant truly appreciates the dangers and disadvantages of self-representation, the district court should advise him in unequivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful. . . . [A] defendant's waiver of counsel can be deemed effective only where the district court judge has made a searching inquiry sufficient to satisfy him that the defendant's waiver was understanding and voluntary.

*Goldberg*, 67 F.3d at 1099. *Forfeiture*, on the other hand, results in the loss of a right regardless of knowledge thereof and irrespective of the defendant's intent to relinquish the right. *Id.*

The focus of *Goldberg* was the definition of "waiver by conduct," the legal principle applicable to Doyen's habeas petition. Waiver by conduct combines elements of waiver and forfeiture. *Id.* at 1100. Once a defendant has been warned that he will lose his right to an attorney if he engages in further dilatory tactics, any misconduct thereafter may be viewed as an

6

implied request to proceed *pro se* and a waiver of the right to counsel. *Id.*

> These are not "waiver" cases in the true sense of the word. In many situations there will be defendants who engage in dilatory conduct but who vehemently object to being forced to proceed *pro se*. These defendants cannot truly be said to be "waiving" their Sixth Amendment rights because although they are voluntarily engaging in misconduct knowing what they stand to lose, they are not affirmatively requesting to proceed *pro se.*

*Id.* at 1101. The Court of Appeals also recognized the difference between forfeiture and waiver by conduct:

> Because of the drastic nature of the sanction, forfeiture would appear to require extremely dilatory conduct. On the other hand, a "waiver by conduct" could be based on conduct less severe than that sufficient to warrant a forfeiture. This makes sense since a "waiver by conduct" requires that a defendant be warned about the consequences of his conduct, including the risks of proceeding *pro se*. A defendant who engages in dilatory conduct having been warned that such conduct will be treated as a request to proceed *pro se* cannot complain that a court is "forfeiting" his right to counsel.

*Id.* (internal citations omitted).

In *Goldberg*, the defendant's court-appointed counsel sought to withdraw shortly before trial. Counsel represented to the court that the attorney-client relationship had been irreparably harmed by threats made by his client. *Id.* at 1096. The court denied the motion. After jury selection, counsel renewed his motion to withdraw, asserted his client had threatened his life, and represented to the court for the first time that his client had means to hire private counsel. *Id.* The district court granted the motion to withdraw and instructed Goldberg either to hire private counsel or proceed *pro se*. *Id.* A week later, when testimony was to begin, Goldberg presented the court with a letter from the lawyer he was seeking to retain and requested a continuance. *Id.* The court denied Goldberg's requested continuance. It observed that Goldberg had the financial ability to hire an attorney since the commencement of the case and had failed to do so. The court found Goldberg had manipulated the judicial system for his own benefit and by his conduct had

waived the right to proceed with counsel at trial. *Id.* The Court of Appeals reversed. It found that Goldberg's pretrial actions were insufficient to support a finding of forfeiture and that there was no valid waiver of counsel because the court had not warned him of the risks of proceeding *pro se*. *Id.* at 1094.

There was no such defect in the present case. Judge Riley clearly and repeatedly warned Doyen of the hazards of proceeding *pro se*. He equally clearly warned Doyen that there would be consequences if he failed to appear with private counsel by the commencement of trial. Pursuant to *Goldberg*, the trial judge properly found that after: (1) warning Doyen that further attempts to delay trial to obtain counsel would be deemed a waiver; and (2) informing Doyen of the hazards of proceeding *pro se* in accord with *Faretta* and *Welty*, Doyen had waived his right to counsel by conduct. The trial judge committed no error in so finding; Doyen's claim will be denied.

2.   *Cunningham* **Claim**

In his motion to amend, Doyen presents the following claim: "Petitioner's sentencing [violated] his rights under the Sixth Amendment of United States constitution [sic], as determine [sic] by the United States Supreme Court in *Cunningham v. California*, 127 S.Ct. 856 (2007) requiring that a jury determine every fact necessary for punishment beyond a reasonable doubt." Having granted Doyen's motion to amend, the court will review this claim on the merits.

*Cunningham v. California* was decided after Doyen's criminal conviction was final. In *Teague v. Lane,* 489 U.S. 288 (1989), the Supreme Court held that in general, new rules of criminal procedure will not apply to those cases that have become final before the new rules are announced. *Id.* at 310. A new rule will be applied to cases on collateral review only if it qualifies as one of two exceptions. *See id.* at 311-13. The first exception is for a new rule that

"places certain kinds of primary, private, individual conduct beyond the power of the criminal law-making authority to proscribe" *Id.* at 307.  That does not apply here.  The second exception is for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard v. Banks*, 542 U.S. 406, 417 (2004); it is this exception that Doyen contends is at issue here.

In *Cunningham*, the Supreme Court held that a state's determinate sentencing law violated a defendant's right to a jury trial by delegating sentence-elevating fact-finding to the judge because the Constitution "proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham*, 127 S. Ct. at 860.  *Cunningham's* holding is an extension of similar rules announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The Court of Appeals has determined that *Apprendi* and *Booker* do not to apply retroactively to cases on collateral review.  *See United States v. Swinton*, 333 F.3d 481, 491 (3d Cir. 2003) (*Apprendi* does not apply retroactively); *Lloyd v. United States*, 407 F.3d 608, 614 (3d Cir. 2005) (*Booker* does not apply retroactively).

The Court of Appeals has not yet addressed whether *Cunningham* announced a new rule of criminal procedure that applies retroactively to criminal sentences on collateral review; other federal courts addressing the issue have found no retroactivity.  *See, e.g.*, *Fennen v. Nakeyema*, 494 F. Supp. 2d 1148, 1155 (E.D. Cal. 2007); *Davis v. United States*, 2007 U.S. Dist. LEXIS 53289 (E.D. Tenn. July 23, 2007); *Lizardo v. United States*, 2007 U.S. Dist. LEXIS 93158 (D. Mass. Dec. 18, 2007).    Retroactivity is "reserved for watershed rules of criminal procedure that

9

not only improve the accuracy of trial, but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Swinton*, 333 F.3d at 487. To "say that this exception is extremely narrow is to understate the issue for, as the Supreme Court itself has noted, it has yet to find a new rule that falls under the *Teague* exception." *Lloyd*, 407 F.3d at 614 (internal citations omitted). As the rule in *Cunningham* is an extension of *Apprendi* and *Booker*, this court concludes that the same result applies here.

As a separate and independent basis for decision, Doyen's *Cunningham* claim is procedurally defaulted and therefore ineligible for consideration by this court. Before a federal court may grant habeas relief to a state prisoner, the prisoner must give the state's highest court an opportunity to act on his claims. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004). To satisfy the exhaustion requirement, a petitioner must show the claim raised in the federal petition was first "fairly presented" to the state court, *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and the claim is the substantial equivalent of the claim presented to the state court. *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989). If a petitioner cannot obtain state court review of his claim because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991).

There is an exception to this rule when the petitioner can show: (1) cause and prejudice for the procedural default; or (2) that a miscarriage of justice will occur absent review. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002). To demonstrate "cause and prejudice," the petitioner must show "some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule." *Slutzker v. Johnson*, 393 F.3d 373, 381 (3d

Cir. 2004).  To demonstrate a "fundamental miscarriage of justice," the petitioner must typically show actual innocence.  *Cristin*, 281 F.3d at 420.  Doyen alleges neither of these exceptions in his motion to amend.

   Doyen's *Cunningham* claim is procedurally defaulted.  Although he did raise the claim in his second PCRA proceeding, the PCRA court found, and the Superior Court affirmed, that his claim was time barred; neither court addressed the claim on the merits.  *See Commonwealth of Pennsylvania v. Doyen,* No. 1822 Eastern District Appeal 2007, *slip op.* (Pa. Super. Ct. April 28, 2008) (Pet. Mot. to Amend  Ex. A).  Because Doyen is prevented from presenting his *Cunningham* claim to the state courts for review, *Coleman* precludes this court from considering it on the merits.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY DOYEN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GERALD ROSUM, et al.** | : | No. 06-2264 |

## ORDER

AND now, this 11th day of July, 2008, upon consideration of Doyen's motion to amend his petition and the Government's response thereto, and upon consideration of Gary Doyen's petition for writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, Doyen's objections to the Report and Recommendation, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

    1.    Doyen's Motion for Leave to Amend (paper no. 20) is **GRANTED**. This action is **REMOVED FROM SUSPENSE.**

    2.    The Report and Recommendation is **APPROVED** and **ADOPTED**.

    3.    The petition for a writ of habeas corpus is **DENIED**.

    4.    Petitioner's objections are **OVERRULED**.

    5.    Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

                                                /s/ Norma L. Shapiro
                                                        S.J.