IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY DOYEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM | : | NO. 06-2264 |

MEMORANDUM

NORMA L. SHAPIRO, S.J.                                                      November 17, 2008

Petitioner Gary Doyen, incarcerated at the State Correctional Institute in Somerset, Pennsylvania, brings this motion for relief from judgment under Federal Rule of Civil Procedure 60 (b). The motion will be denied.

I.   BACKGROUND

On April 19, 2002 Doyen was convicted of, inter alia, possession and delivery of illegal drugs in the Court of Common Pleas of Chester County and sentenced to imprisonment of 25 to 34 years. Doyen filed a petition for habeas corpus relief which this court denied on July 11, 2008. The court declined to issue a certificate of appealability under 28 U.S.C. § 2253 (c). On August 4, 2008, Doyen filed a notice of appeal. On September 4, 2008, Doyen filed the instant motion under Rule 60 (b).

In his habeas petition, Doyen claimed his sentence failed to comply with the holding of Cunningham v. California, 549 U.S. 270, (2007), that the "Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." The court denied Doyen's claim based on Cunningham for two independent

reasons: 1) Cunningham was decided after Doyen's criminal conviction became final and did not apply retroactively, see, e.g., United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) and Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005); and 2) the claim was procedurally defaulted. Doyen v. Rozum, Civil Action 06-2264, slip op. at 8-11 (E.D. Pa. July 11, 2008). In the instant motion, Doyen seeks a "*de novo* determination" that Cunningham applies retroactively because he disagrees with the "reasoning utilized" by the court.

## II. DISCUSSION

Doyen argues, in essence, that the court made an error of law. Such relief would be more appropriately sought through a motion for reconsideration under Rule 59 (e). However, such a motion would be untimely as Doyen filed this motion one month after the entry of the judgment. Rule 59 (e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."). Moreover, this court lacks jurisdiction to entertain an untimely Rule 59 motion once an appeal has been taken. Venen v. Sweet, 758 F.2d 117, 122 (3d Cir. 1985) (district court lacked power to act "because of an understandable reluctance to rejuvenate a dispute which, through the expiration of the requisite time, had become settled"). The court will treat the motion as the Rule 60 (b) motion it purports to be.

If an appeal has been taken, a district court still has jurisdiction to entertain and deny, but not to grant, a Rule 60 (b) motion. Venen, 758 F.2d at 123. "A Rule 60 (b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60 (b)

requires the movant to establish one of six justifications.[1] Doyen's claim is based on purported legal error. However, a Rule 60 (b) motion cannot substitute for an appeal and legal error, without more, is not a proper basis for relief.[2] United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Furthermore, even if the court were to entertain Doyen's claim of legal error, he would not be entitled to relief from the judgment because his Cunningham claim was procedurally barred. The motion does not satisfy the standard required by Rule 60 (b).

### III. CONCLUSION

Petitioner's Motion for Relief From Judgment Under Federal Rules of Civil Procedure Rule 60 (b) will be denied for two independent reasons. First, the motion is based on purported legal error which does not supply adequate grounds for relief. Second, Petitioner's habeas claim is otherwise procedurally barred regardless of the purported legal error. An appropriate order will follow.

---

[1] The justifications include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60 (b).

[2] The court disagrees with petitioner that its decision is tainted by legal error.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY DOYEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM | : | NO. 06-2264 |

### ORDER

AND NOW, this 17th day of November, 2008, for the reasons set forth in the attached Memorandum Opinion, IT IS ORDERED that Petitioner's Motion for Relief From Judgment Under Federal Rules of Civil Procedure Rule 60 (b) (paper no. 26) is **DENIED**.

/s/ Norma L. Shapiro
S.J.